**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN AUCHENBACH, | No. 18-15306 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-01645-DAD-SKO |
| v. | |
| COUNTY OF MADERA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Brian Auchenbach appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising

from his arrest and criminal prosecution.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal for failure to state a claim under 28

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Auchenbach's malicious prosecution claim against former District Attorney Keitz on the basis of prosecutorial immunity because Auchenbach failed to allege facts sufficient to show that Keitz's alleged conduct was not "intimately associated with the judicial phase of the criminal process . . . ." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003) ("A prosecutor is absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges.").

The district court properly dismissed Auchenbach's malicious prosecution claims against defendants Anderson and Blehm because Auchenbach failed to allege facts sufficient to show that former District Attorney Keitz did not "exercise[] independent judgment in determining that probable cause for [Auchenbach's] arrest exist[ed] . . . ." *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled on other grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

18-15306

The district court properly dismissed Auchenbach's failure-to-train claim against Madera County because Auchenbach failed to allege facts sufficient to show that the County policymakers were personally involved in causing his injury, were aware that any training program was inadequate, or that a pattern of similar incidents existed. *See Connick v. Thompson*, 563 U.S. 51, 61-62 (2011) (noting that actual or constructive notice that a training program causes city employees to violate citizens' constitutional rights and a pattern of similar constitutional violations by untrained employees are usually necessary for a failure-to-train claim); *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (county may be liable under § 1983 "when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policymaker" (citation and internal quotation marks omitted)); *see also Iqbal*, 556 U.S. at 678.

The district court did not abuse its discretion by denying Auchenbach further leave to amend because amendment would be futile. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that a district court's discretion is particularly broad when it has already granted leave to amend).

**AFFIRMED.**

18-15306